Tae H. Kim v. Ji Sung Yoo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd of June, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > Circuit Judges,
> JESSE M. FURMAN,*
> > District Judge.

_____

TAE H. KIM, YOUNG M. CHOI, DONG M. JU, HONG S. KIM, YOON C. KIM, CHUL G. PARK, JIN H. PARK, EUTEMIO MORALES, ZHE Y. SHEN, JONG H. SONG, AND R. JULIAN VENTURA,

> Plaintiffs–Appellees,

-v.-                                    18-1447

JI SUNG YOO, aka JI S. YOO, aka JAY YOO, SANDRA YOO, aka SANDRA YEAR KUM YOO, aka YEAR KUM YOO, SAMUEL D. YOO, CAROLYN YOO,

*Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**Defendants-Appellants.**

_____

FOR PLAINTIFFS-APPELLEES:    Jackson Chin, Latin Justice/PRLDEF, New York, NY, (with Kenneth Kimerling, Asian American Legal Defense and Education Fund, New York, NY and Adam Goldstein, Sherman & Sterling LLP, New York, NY, on the brief).

FOR DEFENDANTS–APPELLANTS: Kenneth Foard McCallion (with Kristian Karl Larsen on the brief), McCallion & Associates LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The plaintiffs, former employees at a restaurant owned by Ji Sung Yoo, obtained a $2.6 million judgment against Mr. Yoo for violations of the Fair Labor Standards Act ("FLSA"). In this ancillary enforcement action, the plaintiffs seek to set aside Mr. Yoo's conveyances to members of his family of interests in a home, a condominium, and a commercial property. The plaintiffs bring fraudulent conveyance claims under New York Debtor and Creditor Law ("DCL") §§ 273, 275, and 276 against Mr. Yoo, as well as against his wife and two of his children.

After a two-week bench trial, the United States District Court for the Southern District of New York (Sweet, J.) found that the conveyances were fraudulent because they (i) were made without fair consideration and had rendered Mr. Yoo insolvent; and/or (ii) were made with fraudulent intent. The court ordered that the transfers be voided, and additionally entered a money judgment against Mrs. Yoo to satisfy mortgages that she placed on two of the properties after the transfers. We assume the parties' familiarity with the

underlying facts, the procedural history, and the issues presented for review.

**1.**   The defendants challenge subject matter jurisdiction over the claims against Mrs. Yoo and the two Yoo children, because the family members are not personally liable for the FLSA judgment, and the parties are not diverse.   This argument is meritless.   An ancillary action to collect a judgment does not require an independent basis for jurisdiction, unless the suit seeks to impose liability for the underlying action on a third-party.   See Epperson v. Entm't Express, Inc., 242 F.3d 100, 104 (2d Cir. 2001).   The plaintiffs do not seek to hold the family members personally liable for the FLSA judgment; they seek an order voiding the transfer of property from Mr. Yoo to his family members and imposing liability on Mrs. Yoo for sums needed to rectify her diminution of the value of the properties by placing mortgages on them.   Id. at 106.   The money judgment against Mrs. Yoo does not impose liability for the FLSA judgment; it ensures the removal of the encumbrance she placed on the properties after they were fraudulently transferred to her.   Accordingly, subject matter jurisdiction exists.

**2.**   The defendants argue that this case must be dismissed for failure to join the mortgagees of the three properties as indispensable parties.   See Fed. R. Civ. P. 19(a).   This argument is unpersuasive.   A party that complains of failure of the adversary to join an indispensable party is required by Rule 19 to explain why the objecting party did not itself bring the indispensable party into the litigation.   Federal Rule of Civil Procedure 19(c) requires that a party requesting relief must "plead . . . the reasons for nonjoinder" by stating "(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person."   Defendants have not complied with this requirement.   Nor have they carried their burden of persuasion under Rule 19(b) of showing that (1) joinder of the mortgagees is not feasible, and (2) considerations of "equity and good conscience" weigh in favor of dismissal rather than proceeding in the absence of the necessary parties.   See Fed. R. Civ. P. 19(b); 7 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1609, at 129-30 (3d ed. 2019).

Mrs. Yoo also points out that if, pursuant to the judgment, she pays the plaintiffs the amount necessary to satisfy the mortgages, and the plaintiffs use

the money otherwise than to satisfy the mortgages, she will be subject to double recovery as she will remain liable to repay the mortgage loans.   But Mrs. Yoo can avoid this result by simply paying back the mortgagees and thus satisfying the mortgages.   Because the money judgment was entered against Mrs. Yoo only "as necessary to satisfy the mortgages," App'x 1177, if Mrs. Yoo pays the outstanding balance on the mortgages to the mortgagees, she will not be liable to the plaintiffs for any money judgment.   This will ensure that Mrs. Yoo is not at risk of double liability.

**3.**   The district court found that Mr. Yoo did not receive fair consideration in exchange for the properties.   This finding was not clear error.

The deeds for the condominium, home, and commercial property list sale prices of $0 and consideration of $10.   Moreover, Mr. Yoo filed a federal gift tax return stating that the commercial property and home were a gift to his wife and son.   Under circumstances in which there was no tangible consideration for an intrafamily transfer, the burden of proving that they paid fair consideration falls on the grantees.   See United States v. McCombs, 30 F.3d 310, 325 (2d Cir. 1994). The defendants have not sustained that burden.

The defendants argue that Mr. Yoo gave the properties to Mrs. Yoo in repayment of a $1 million antecedent debt, lent by Mrs. Yoo from an inheritance to help him start the restaurants.   But the district court reasonably rejected this argument because Mrs. Yoo had previously testified at her deposition that the $1 million was actually given to Mr. Yoo by her family.   Moreover, there was substantial evidence that the Yoos had co-mingled assets at the time of the alleged loan, and that they considered the $1 million used to start the restaurants as marital property, not as a loan from one spouse to the other.

The defendants argue that Mrs. Yoo gave consideration for the condominium by assuming Mr. Yoo's mortgage obligations.   But, as the district court pointed out, there is no evidence to support this self-serving assertion. Neither the deed nor any document reflects Mrs. Yoo's assumption of Mr. Yoo's liability to pay the mortgage obligation or commitment to indemnify him after his payment of that liability.   See id. at 315 (finding adequate consideration where the deed provided that the purchasers "assume[d] and agree[d] to pay"

4

the unpaid principal and interest on the mortgages "as part of the consideration for this conveyance"). Tellingly, on appeal, the defendants provide no record citation to support this assertion.[1]

Accordingly, the district court did not clearly err in finding that the properties were transferred without fair consideration.

**4.** The defendants argue that, in calculating Mr. Yoo's total assets at the time of the transfers (for the purposes of determining insolvency), the court failed to consider the value of his two restaurants.

The court reasonably concluded that it had insufficient evidence to determine the value of the restaurants because the defendants offered evidence only of *book value,* not their *saleable value*. See N.Y. DCL § 271 ("A person is insolvent when the present fair *salable value of his assets* is less than the amount that will be required to pay his probable liability . . . ." (emphasis added)). In the absence of any evidence regarding how the book value related to the salable value, the district court correctly determined that the defendants had not met their burden of showing the restaurants' salable value. See In re Roblin Indus., Inc., 78 F.3d 30, 36 (2d Cir. 1996) (noting that, although book values "are, in some circumstances, competent evidence from which inferences about a debtor's insolvency may be drawn," such values "are not ordinarily an accurate reflection of the market value of an asset"); see also Atateks Foreign Trade, Ltd. v. Private Label Sourcing, LLC, 402 F. App'x 623, 627 (2d Cir. 2010) ("[B]ook value . . . is 'not ordinarily an accurate reflection of the market value of an asset.'"). Furthermore, even if the book value of the restaurants could be deemed a fair approximation of the saleable value, Mr. Yoo would still have been insolvent at

---

[1] While not cited on appeal, the defendants argued at trial that a "Consolidation, Extension, and Modification Agreement" transferred the obligation to pay the mortgage from Mr. Yoo to Mrs. Yoo and Carolyn Yoo (his daughter). App'x 1422. However, the agreement defines the "Borrower" as Mr. Yoo, Mrs. Yoo, *and* Carolyn Yoo, and states that the borrowers agree "to take over all the obligations under the Notes and Mortgages as consolidated," totaling $729,750. Id. at 1423. The modification agreement refutes Mr. Yoo's assertion that Mrs. Yoo took on his obligation to satisfy the mortgage, because it states that all three of them (Mr. Yoo, Mrs. Yoo, and Carolyn) are liable for the condo's mortgage.

the time of the transfers.

Accordingly, the district court did not clearly err in calculating Mr. Yoo's assets at the time of the transfers.

**5**.  The defendants argue that the district court clearly erred in determining Mr. Yoo's probable liability on his existing debts at the time of the transfers.   Specifically, they argue that--for the purposes of DCL § 273--Mr. Yoo's debts should have been calculated based on his subjective belief of his liabilities, not his actual liabilities.

However, DCL § 271, which defines insolvency for the purposes of DCL § 273, sets forth an objective standard: "A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on existing debts as they become absolute and matured."   DCL § 271(1).   Nothing in this definition allows for subjective assessment.   Moreover, DCL § 273 states that a conveyance made without fair consideration is fraudulent if it renders a person insolvent "*without regard to his actual intent*."   DCL § 273 (emphasis added).

The defendants contend that Lippe v. Bairnco Corp., 249 F. Supp. 2d 357 (S.D.N.Y. 2003), aff'd on other grounds, 99 F. App'x 274 (2d Cir. 2004), endorsed a subjective view of insolvency under DCL § 273.   As the district court observed, the court in Lippe did not explain its apparent reference to the debtor's subjective beliefs regarding its probable liabilities.   Nor did it make clear that such analysis pertained to § 273 as opposed to § 276, which was also at issue and under which subjective intent is relevant.   In any event, that case is not binding on this Court, and we find no support for the defendants' arguments in the statute.

Accordingly, the district court did not clearly err in declining to determine Mr. Yoo's liabilities at the time of the transfers based on Mr. Yoo's subjective assessment.

**6**.  The defendants' brief also argues that Mr. Yoo did not "intend[] or believe[] that he [would] incur debts beyond his ability to pay as they mature" when he transferred his interests in the home and commercial property in November 2011, such that those transfers were not violations of § 275.   This

argument fails to affect the result for two reasons. First, the district court found as a factual matter that Mr. Yoo was well aware that he would be insolvent subsequent to those conveyances. In any event, Mr. Yoo's state of mind cannot change the result because the court found the conveyances fraudulent under § 273 as well as § 275, and under § 273 his subjective beliefs are irrelevant.

We have considered the defendants' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court